[Cite as *2010-CRE Venture, LLC v. Costanzo*, 2011-Ohio-3530.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| 2010-1 CRE VENTURE, LLC | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CAE 01 003 |
| MICHAEL D. COSTANZO | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 10 CVH 12 1781 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 14, 2011 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| ZACHARY D. PRENDERGAST<br>GRAYDON HEAD & RITCHEY LLP<br>1900 Fifth Third Center<br>511 Walnut Street, P. O. Box 6464<br>Cincinnati, Ohio 45202 | STEPHEN D. MARTIN<br>MANOS, MARTIN, PERGRAM<br>& DIETZ CO., LPA<br>50 North Sandusky Street<br>Delaware, Ohio 43015-1926 |

*Wise, J.*

**{¶1}**   This is an appeal by Defendant-Appellant Michael D. Costanzo from the December 14, 2010, Judgment Entry of the Delaware County Common Pleas Court entering judgment in favor of Plaintiff-Appellee 2010-1 CRE Venture LLC.

### STATEMENT OF THE FACTS AND CASE

**{¶2}**   This case arose out of an action for a breach of a commercial promissory note. The relevant facts are as follows:

**{¶3}**   On September 20, 2002, Appellant Michael D. Costanzo executed a Cognovit Promissory Note in favor of The Home Savings and Loan Company of Youngstown, Ohio ("Home Savings").  Home Savings then negotiated the Note to First Bank of Beverly Hills, F.S.B. ("FBBH") by virtue of an Assignment of Mortgage.  Then, the Federal Deposit Insurance Corporation ("FDIC"), as the Receiver for FBBH, negotiated the Note to Appellee 2010-1 CRE Venture, LLC by virtue of an Allonge.

**{¶4}**   Costanzo defaulted on the Note, and currently owes CRE Venture over $1.7 million. As a result of this default, CRE Venture accelerated the Note and on December 10, 2010, CRE Venture filed a Complaint on Cognovit Promissory Note against Costanzo. In the Complaint, CRE Venture prayed for a money judgment against Costanzo for breach of the Cognovit Promissory Note. Appellee attached a copy of the Note, with the Assignment and the Allonge, to its Complaint, marked as Exhibit A.

**{¶5}**   At the same time, CRE Venture also filed an Answer and Confession of Judgment and a Motion to Enter Judgment on the Plaintiff's Complaint. Attached to the Motion was a supporting Affidavit of Ed Dailey, the managing member of 2010-CRE Venture, LLC.

{¶6}   Along with these pleadings, CRE Venture also filed the original copy of the Note, which was docketed on December 14, 2010, and is currently on file of the Delaware County Clerk's Office.

{¶7}   By Judgment Entry filed December 14, 2010, the trial court granted judgment on Appellee's Complaint.

{¶8}   Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶9}   "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, AS A MATTER OF LAW, BY ENTERING A JUDGMENT IN FAVOR OF APPELLEE."

I.

{¶10} In his sole assignment of error, Appellant argues that Appellee 2010-1 CRE Venture, LLC is not the real party in interest and did not have standing to bring this action to enforce the Note. We disagree.

{¶11} Appellant argues that Home Savings and Loan Company of Youngstown is the holder of the Cognovit Promissory Note which is the subject of this appeal, and that Appellee has failed to provide any evidence that the Note was endorsed[1] to 2010-1 CRE Venture, LLC by Home Savings.

{¶12} R.C. §1303.31 identifies three classes of persons who are "entitled to enforce" an instrument, such as a note:

{¶13} "(A) "Person entitled to enforce" an instrument means any of the following persons:

{¶14} "(1) The holder of the instrument;

---

[1] The Uniform Commercial Code uses "indorsement," the alternate spelling.

**{¶15}** "(2) A non-holder in possession of the instrument who has the rights of a holder;

**{¶16}** "(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

**{¶17}** "(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

**{¶18}** With respect to negotiable instruments, "holder" means either:

**{¶19}** "(a) If the instrument is payable to bearer, a person who is in possession of the instrument;

**{¶20}** "(b) If the instrument is payable to an identified person, the identified person when in possession of the instrument." R.C. §1301.01(T)(1).

**{¶21}** "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." R.C. §1303.22(A). The transfer of an instrument vests in the transferee any right of the transferor to enforce the instrument. R.C. §1303.22(B).

**{¶22}** "Negotiation" is a particular type of transfer. Specifically, "negotiation" means "a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument." R.C. §1303.21(A). "Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the

instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." R.C. §1303.21(B).

**{¶23}** In the case sub judice, we find that Appellee was the holder of the note as it had "possession" of the original Note as evidenced by its filing with the Delaware County Clerk's office, and that such note was "negotiated" to Appellee by virtue of the endorsements in the form of an Assignment and an Allonge attached to the Note.

**{¶24}** We therefore find that Appellee CRE Venture had standing to bring this action as a "person entitled to enforce" pursuant to R.C. §1303.01.

**{¶25}** In *Bank of New York v. Dobbs,* Knox App. No. 2009-CA-2, 2009-Ohio-4742, this Court held that the assignment of a mortgage is sufficient to establish the transfer of the note, and vice versa, stating:

**{¶26}** "In Ohio it has been held that transfer of the note implies transfer of the mortgage. In *Lasalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009-Ohio-1855, this Court stated:

**{¶27}** "Where a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Kuck v. Sommers* (1950), 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75. Furthermore, Ohio courts have recognized that technical noncompliance with Civ.R. 56 authentication procedures is not prejudicial if the authenticity of the supporting documents is not called into question. See *Insurance Outlet Agency, Inc. v. American Medical Sec., Inc.,* Licking App. No. 01 CA 118, 2002-Ohio-4268, paragraph 13, citing *Knowlton v. Knowlton Co.* (1983), 10 Ohio App.3d 82, 460 N.E.2d 632; *International Brotherhood of Electrical Workers v.*

*Smith* (1992), 76 Ohio App.3d 652, 602 N.E.2d 782; *In re: Foreclosure of Liens* (Feb. 9, 2000), Harrison App. No. 96-489-CA. In the case sub judice, Appellants did not expressly contradict the evidence of ownership via their memorandum contra or affidavit; as such, we hold Appellants' "real party in interest" argument must fail. Cf. *Provident Bank v. Taylor,* Delaware App.No. 04CAE05042, 2005-Ohio-2573, paragraph 17." *Street,* at paragraph 28.

**{¶28}** "Particularly given the present state of banking and financing it makes little sense not to apply this reasoning to transfers of mortgages without express transfer of the note, where the record indicates it was the intention of the parties to transfer both."

**{¶29}** Next, Appellant argues that the Complaint in this case does not expressly state that the Allonge was affixed to the Cognovit Promissory Note in this case. We find this argument to be without merit.

**{¶30}** Upon reviewing the record, we find that the Assignment of Interest to the Mortgage to First Bank of Beverly Hills, F.S.B., and the Allonge to 2010-1 CRE Venture, LLC were "affixed" and/or attached to the Cognovit Promissory Note which was attached to the Complaint when it was filed with the Delaware County Common Pleas Court. We further note, although we do not find such to be a requirement, that Appellee stated "[a] copy of the Note with the Assignment and Allonge are attached as Exhibit A" at the end of paragraph 1 in its Complaint.

**{¶31}** Finally, Appellant argues that Appellee only received a "beneficial interest in the Note or Notes" through the "Assignment of Interest to Mortgage", rather than all of Home Savings' interest in the Cognovit Promissory Note.

**{¶32}** Appellee provides no further explanation, through case law or otherwise, to support this argument.  Upon review, we find this argument to be without merit.

**{¶33}** Appellant's sole assignment of error is overruled.

**{¶34}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County , Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0628

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 2010-1 CRE VENTURE, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL D. COSTANZO | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11 CAE 01 003 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES