[Cite as *Cent. Mtge. Co. v. Webster*, 2012-Ohio-4478.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CENTRAL MORTGAGE COMPANY | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 2011CA00242 |
| RITA MAY WEBSTER, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2009CV04354

JUDGMENT:                    REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      September 17, 2012

APPEARANCES:

For Appellant:                       For Appellee:

ADAM R. FOGELMAN                     DAVID L. DINGWELL
120 E. Fourth St.                    220 Market Ave. S.
8th Floor                            8th Floor
Cincinnati, OH 45202                 Canton, OH 44702

*Delaney, P.J.*

{¶1} Plaintiff-Appellant Central Mortgage Company appeals the September 29, 2011 judgment entry of the Stark County Court of Common Pleas that dismissed the complaint of Central Mortgage Company. Defendant-Appellee is Rita May Webster.

## FACTS AND PROCEDURAL HISTORY

{¶2} On October 27, 2006, Esther B. Webster executed a promissory note in the amount of $109,300 payable to the lender, Midwest Financial & Mortgage Services, Inc. To secure the note, Esther Webster also executed a mortgage in the amount of $109,300 to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Midwest Financial, for a property located in Canton, Ohio. The mortgage was recorded on November 13, 2006.

{¶3} Defendant-Appellee Rita May Webster is the daughter of Esther Webster. Esther executed a transfer on death designation deed pursuant to R.C. 5302.22(B) that named her daughter as sole beneficiary of the Canton home upon her death. Esther passed away on May 1, 2009.

{¶4} On November 12, 2009, Plaintiff-Appellant Central Mortgage Company filed a complaint in foreclosure on the Canton home due to default under the terms of the note and mortgage. The complaint named Rita May Webster, the Stark County Treasurer, and MERS as defendants. In its complaint, Central Mortgage stated it was the holder of the note and mortgage.

{¶5} Attached to the complaint was a copy of the note. The note contained an "Allonge to Note," which included three undated indorsements:

{¶6} (1) "PAY TO THE ORDER OF MICHIGAN MUTUAL, INC. WITHOUT RECOURSE MIDWEST FINANCIAL & MORTGAGE SERVICES, INC A CORPORATION." It is signed by Jim Wentzel, Sales Manager.

{¶7} (2) "PAY TO THE ORDER OF MORGAN STANLEY MORTGAGE CAPITAL, INC. WITHOUT RECOURSE MICHIGAN MUTUAL, INC." It is signed by Mary C. Nahabetian, Client Relations Manager.

{¶8} (3) "PAY TO THE ORDER OF: _____ WITHOUT RECOURSE MORGAN STANLEY MORTGAGE CAPITAL, INC." It is signed by George Keyloun, Vice President.

{¶9} Also attached to the complaint was Exhibit B, the mortgage between Esther Webster as mortgagor and MERS as the mortgagee. Exhibit C to the complaint was an assignment of mortgage from MERS to Central Mortgage. The assignment was dated November 3, 2009.

{¶10} Rita May Webster filed an answer to the complaint. In her answer, Webster asserted Central Mortgage lacked standing or was not the real party in interest to assert the action.

{¶11} Central Mortgage filed its motion for summary judgment on October 1, 2010. Webster filed a response to the motion that included a Civ.R. 56(F) motion for further discovery. The trial court denied Central Mortgage's motion for summary judgment and ordered the matter be set for trial.

{¶12} The trial court referred the matter to the magistrate. On October 22, 2010, the case was heard at a bench trial before the magistrate. Janice Davis, default asset manager with Central Mortgage, testified on behalf of Central Mortgage.

Through Davis, Central Mortgage presented it had in its possession the original note and mortgage between Midwest Financial, MERS, and Esther Webster. Central Mortgage next attempted to present a copy of the assignment of mortgage between MERS and Central Mortgage. Rita May Webster objected to Central Mortgage's use of a copy of the assignment of mortgage to establish it was assigned the mortgage from MERS. Webster argued that absent either the original assignment document or a certified authenticated copy from the Stark County Recorder, a copy of the assignment of mortgage was insufficient under Evid.R. 1002, the best evidence rule. The magistrate took the objection under consideration.

{¶13} At the close of Central Mortgage's case, Rita May Webster moved to dismiss the case pursuant to Civ.R. 41. She based her argument in part that Central Mortgage failed to establish it had standing to bring the action because of the lack of an original assignment of mortgage or a certified copy of the assignment of mortgage. Webster did not present any evidence on her behalf.

{¶14} On October 28, 2010, the magistrate issued her decision dismissing Central Mortgage's complaint with prejudice because it failed to demonstrate it was the real party in interest. The magistrate concluded the best evidence rule prohibited Central Mortgage from relying upon a copy of the assignment of mortgage to establish it was the real party in interest in the case. Because it could not prove it was the holder of the mortgage for lack of the original assignment of mortgage, the magistrate granted Webster's motion to dismiss.

{¶15} Central Mortgage filed its objections to the magistrate's decision on November 12, 2010. The trial court struck the objections because they were filed 15

days after the magistrate's decision. Central Mortgage appealed that decision to this Court in *Central Mortgage Co. v. Webster*, 5th Dist. No. 2011 CA 00005, 2011-Ohio-4442. We reversed the decision of the trial court to strike the objections due to an intervening holiday granting Central Mortgage an extra day to file its objections and remanded the case to the trial court to consider the objections.

{¶16} On September 29, 2011, the trial court reviewed the objections and found no error in the magistrate's decision. The trial court approved and adopted the October 28, 2010 magistrate's decision.

{¶17} It is from this decision Central Mortgage now appeals.

**ASSIGNMENTS OF ERROR**

{¶18} Central Mortgage raises three Assignments of Error:

{¶19} "I. THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANT CENTRAL MORTGAGE COMPANY'S MOTION FOR SUMMARY JUDGMENT.

{¶20} "II. THE TRIAL COURT ERRED WHEN IT ADOPTED THE OCTOBER 28, 2010 MAGISTRATE'S DECISION, BECAUSE THE MAGISTRATE FAILED TO AWARD JUDGMENT TO PLAINTIFF-APPELLANT CENTRAL MORTGAGE COMPANY AFTER THE OCTOBER 23, 2010 TRIAL.

{¶21} "III. THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF-APPELLANT CENTRAL MORTGAGE COMPANY'S COMPLAINT ON THE MERITS."

## ANALYSIS

*II.*

{¶22} We first address Central Mortgage's second Assignment of Error because it is dispositive of this appeal. Central Mortgage argues the trial court erred in dismissing its complaint upon Webster's motion for dismissal pursuant to Civ.R. 41 after the presentation of Central Mortgage's case at trial. Civ. R. 41(B)(2) provides, in pertinent part:

> After the plaintiff, in an action tried by the court without a jury, has
>
> completed the presentation of the plaintiff's evidence, the defendant, * * *
>
> may move for a dismissal on the grounds that upon the facts and the law,
>
> the plaintiff has shown no right to relief.

{¶23} Civ.R. 41(B)(2) permits a defendant in a nonjury action to move for dismissal of the action after the close of the plaintiff's case. Dismissals under Civ.R. 41(B)(2) are similar in nature to directed verdicts in jury actions; however, because a Civ.R. 41(B)(2) dismissal is used in nonjury actions, it requires the trial court and reviewing court to apply different tests. *See Central Motors Corp. v. Pepper Pike*, 63 Ohio App.2d 34, 48 (8th Dist. 1979). Civ.R. 41(B)(2) specifically provides the trial court may consider both the law and the facts. Therefore, under the rule, the trial judge as the trier of fact does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard. *See L.W. Shoemaker, M.D., Inc. v. Connor*, 81 Ohio App.3d 748 (10th Dist. 1992); *Harris v. Cincinnati*, 79 Ohio App.3d 163 (1st Dist. 1992). Even if the plaintiff has presented a prima facie case, dismissal is still appropriate where

the trial court determines that the necessary quantum of proof makes it clear that plaintiff will not prevail. *Fenley v. Athens Cty. Genealogical Chapter*, 4th Dist. No. 97CA36, 1998 WL 295496 (May 28, 1998) citing 3B Moore, Federal Practice (1990), Paragraph 41.13(4), at 41−177. Where the plaintiff's evidence is insufficient to sustain plaintiff's burden in the matter, the trial court may dismiss the case. *Levine v. Beckman*, 48 Ohio App.3d 24, 27 (10th Dist. 1988) (citations and emphasis omitted). However, if the judge finds the plaintiff has proven the relevant facts by the necessary quantum of proof, the motion must be denied and the defendant is required to put on evidence. *Central Motors Corp, supra*.

{¶24} A trial court's ruling on a Civ.R. 41(B)(2) motion will be set aside on appeal only if it is erroneous as a matter of law or against the manifest weight of the evidence. *Ogan v. Ogan*, 122 Ohio App.3d 580, 583 (12th Dist. 1997) (citation omitted).

{¶25} The trial court dismissed Central Mortgage's complaint by finding it did not demonstrate it was the real party in interest. Civ.R. 17(A) states,

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable

time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

{¶26} A real party in interest "has been defined as '* * * one who has real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefited or injured by the outcome of the case.'" (Citations omitted.) *Shealy v. Campbell*, 20 Ohio St.3d 23, 24 (1985). "The purpose behind the real party in interest rule is ' '* * * to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.'" *Id.* at 24-25 quoting *In re Highland Holiday Subdivision,* 27 Ohio App.2d 237, 240 (4th Dist. 1971).

{¶27} The current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank Natl. Assoc. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178 (7th Dist.), ¶ 32 citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C061069, 2007-Ohio-5874, ¶ 18. R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

{¶28} The parties in this case agree that Central Mortgage is the current holder of the note executed by Esther Webster for Midwest Financial. The allonge to the note is indorsed in blank, converting the note to bearer paper. R.C. 1303.25(B) reads, "'Blank indorsement' means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Because the note is payable to the bearer, negotiation of the note is accomplished by transfer of possession alone. R.C. 1303.21(B).

{¶29} The issue in this case is whether Central Mortgage is the holder of the mortgage between Esther Webster and MERS and therefore the real party in interest entitled to foreclose on the home owned by Rita May Webster. In its complaint, Central Mortgage alleged it was the holder of the note and mortgage. At the bench trial, Central Mortgage presented the original note and original mortgage. There is no dispute that Central Mortgage is in possession of the original note and original mortgage.

{¶30} In order to demonstrate it was the current holder of the mortgage, Central Mortgage presented a copy of the assignment of mortgage from MERS to Central Mortgage over the objection of Rita May Webster. The copy of the assignment of mortgage was not a certified copy, but it was stamped by the Stark County Recorder's office that it had been recorded on November 17, 2009. The copy of the assignment contained a copy of a notarization. Davis, default asset manager for Central Mortgage, testified she did not have the original assignment in her files. The magistrate stated she would allow testimony regarding the assignment, giving it whatever evidentiary weight she deemed appropriate.

{¶31} In the magistrate's decision, the magistrate found the best evidence rule prohibited Central Mortgage from utilizing a copy of the assignment of mortgage from MERS to Central Mortgage at trial to establish it was the holder of the mortgage. Evid.R. 1002 states, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." The magistrate found that it was necessary for Central Mortgage to present the original assignment of mortgage or certified copy of the assignment of mortgage to demonstrate it was the holder of the mortgage. Because Central Mortgage could not establish it was the holder of the mortgage through the assignment of mortgage, in addition to being a holder of the note, the trial court determined Central Mortgage could not establish it was the real party in interest entitled to foreclose on the property.

{¶32} *Kuck v. Sommers,* 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75 (3rd Dist. 1950) holds: "[w]here a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered." This Court has consistently relied on *Kuck v. Sommers* to find that the holder of the note is the real party in interest entitled to pursue its rights under the note and mortgage. *See Lasalle Bank National Association v. Street*, 5th Dist. No. 08CA60, 2009-Ohio-1855; *Bank of New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742; *Duetsche Bank Natl. Trust Co. v. Hansen*, 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223; *2010-1 CRE Venture, LLC v. Costanzo*, 5th Dist. No. 11 CAE 01 003, 2011-Ohio-3530.

{¶33} Other appellate districts have utilized *Kuck v. Sommers* to find the holder of the note, in the absence of evidence of the assignment of mortgage, is the real party in interest. In *U.S. Bank Natl. Assoc. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178 (7th Dist.), the court examined a case where the mortgagor disputed the appellee was the real party in interest. The appellee possessed the note indorsed in blank. There was no evidence in the record, however, that the appellee was the current assignee of the note and mortgage. *Id.* at ¶48. The court in *Marcino* concluded that in the absence of the recorded assignment, there was sufficient evidence to establish the appellee was the current owner of the note and mortgage, and therefore the real party in interest. *Id.* at ¶54. It held, "[f]or nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt and the mortgage is a mere incident to the

obligation. *Edgar v. Haines* (1923), 109 Ohio St. 159, 164, 142 N.E. 837. Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *Kuck v. Sommers* (1950), 100 N.E.2d 68, 59 Ohio Abs. 400." *Id.* at ¶52.

{¶34} The *Marcino* court further based its decision upon the Uniform Commercial Code:

Various sections of the Uniform Commercial Code, as adopted in Ohio, support the conclusion that that the owner of a promissory note should be recognized as the owner of the related mortgage. See R.C. 1309.109(A)(3) ( "this chapter applies to the following: * * * [a] sale of * * * promissory notes"), 1309.102(A)(72)(d) (" 'Secured party' means: * * * [a] person to whom * * * promissory notes have been sold"), and 1309.203(G) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien"). Further, "[s]ubsection (g) [of U.C.C. 9–203] codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien." Official Comment 9 to U.C.C. 9–203, the source of R.C. 1309.203.

{¶35} This rationale has been followed by the Sixth District Court of Appeals in *U.S. Bank v. Coffey*, 6th Dist. No. E-11-026, 2012-Ohio-721. (The alleged assignee of the mortgage, which could not provide evidence of the assignment of mortgage but

could demonstrate possession of the promissory note indorsed in blank, was the real party in interest based on *Kuck* and *Marcino*.)

{¶36} We review the trial court's decision under a Civ.R. 41(B)(2) dismissal to determine whether it was erroneous as a matter of law. In this case, we find that while the presentation of the original assignment of mortgage or a certified copy of the assignment of mortgage would have been preferable under the best evidence rule, the lack of the assignment of mortgage is not fatal to Central Mortgage's claim that it is the real party in interest entitled to pursue the foreclosure action. There is no dispute that Central Mortgage is the current holder of the note, indorsed in blank. The note secures the mortgage. Pursuant to the precedent of the Fifth District Court of Appeals, we conclude there is sufficient evidence in the record to establish that Central Mortgage is the real party in interest.

{¶37} The second Assignment of Error of Central Mortgage is sustained.

{¶38} The decision of the Stark County Court of Common Pleas to dismiss the complaint of Central Mortgage pursuant to Civ.R. 41(B)(2) is reversed.

*I.*

{¶39} Central Mortgage argues in its first Assignment of Error the trial court erred in denying its motion for summary judgment. Central Mortgage argues the trial court erred in denying its motion for summary judgment because there was no genuine issue of material fact that it was the holder of the note and mortgage and therefore the real party in interest.

{¶40} Based on our disposition of the second Assignment of Error, we find the first Assignment of Error to be moot. Further, the record shows there are further

questions presented in this foreclosure proceeding beyond the issue of the real party in interest and the parties have not presented any appellate arguments as to those matters.

{¶41} The first Assignment of Error is overruled as moot.

*III.*

{¶42} Central Mortgage argues in its third Assignment of Error that the trial court erred in dismissing its complaint pursuant to Civ.R. 41(B)(2) with prejudice. The trial court dismissed the complaint because it found Central Mortgage was not the real party in interest. It dismissed the complaint with prejudice.

{¶43} Civ.R. 41(B) states:

* * *

*(3) Adjudication on the merits; exception.* A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

*(4) Failure other than on the merits.* A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits:

(a) lack of jurisdiction over the person or the subject matter;

(b) failure to join a party under Civ. R. 19 or Civ. R. 19.1.

{¶44} It has been held that a dismissal of an action because one of the parties is not a real party in interest or does not have standing is not a dismissal on the merits. *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶51.

{¶45} Central Mortgage's third Assignment of Error is sustained.

## CONCLUSION

{¶46} Based on the foregoing, we find moot Central Mortgage's first Assignment of Error and sustain the second and third Assignments of Error.

{¶47} We reverse and vacate the September 29, 2011 dismissal of Central Mortgage's complaint.  The case is remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

 

HON. PATRICIA A. DELANEY

 

HON. W. SCOTT GWIN

 

HON. WILLIAM B. HOFFMAN

PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CENTRAL MORTGAGE COMPANY
    :
    :
  Plaintiff - Appellant
    :      JUDGMENT ENTRY
    :

-vs-
    :
    :      Case No.   2011CA00242
RITA  MAY WEBSTER, et al.
    :

  Defendants-Appellees
    :

For the reasons stated in our accompanying Opinion on file, the September 29, 2011 judgment of the Stark County Court of Common Pleas is reversed and the case remanded for further proceedings.  Costs assessed to Appellees.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN