[Cite as *Wells Fargo Bank NA v. Arlington*, 2013-Ohio-4659.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| WELLS FARGO BANK NA | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CAE030016 |
| | : | |
| DEAN ARLINGTON, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Delaware County Court of Common Pleas, Case No. 2008 CVE 01 0048


JUDGMENT:                  AFFIRMED


DATE OF JUDGMENT ENTRY:      October 16, 2013


APPEARANCES:

For Plaintiff-Appellee:

SCOTT A. KING
JASON P. BICHSEL
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342

For Defendant-Appellant:

BRUCE M. BROYLES
5815 Market St., Suite 2
Boardman, OH 44512

*Delaney, J.*

{¶1}   Defendant-Appellant Dean Arlington appeals the March 7, 2013 judgment entry of the Delaware County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On March 3, 2006, Defendant-Appellant Dean Arlington executed a Note in favor of Taylor, Bean & Whitaker Mortgage Corp ("TBW").  To secure repayment on the Note, Arlington executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for TBW and its successors and assigns.  On March 20, 2007, MERS assigned the Mortgage to Plaintiff-Appellee Wells Fargo Bank, N.A.  The Assignment of Mortgage stated, "Mortgage Electronic Registration Systems, Inc. * * * does hereby sell, assign, transfer and set over unto Wells Fargo Bank, N.A. * * * a certain mortgage from Dean E. Arlington * * *."  The Assignment of Mortgage was recorded on March 26, 2007.

{¶3}   On January 11, 2008, Plaintiff-Appellee Wells Fargo Bank, N.A. filed a complaint in foreclosure against Arlington seeking to recover the balance due on the Note and to foreclose on the Mortgage.  The complaint alleged Wells Fargo was the holder of the Note.  Attached to the complaint was a copy of the Note signed by Arlington.  The Note contained two indorsements: (1) a special indorsement from TBW to Wells Fargo and (2) a blank indorsement from Wells Fargo.  Also attached to the complaint were copies of the original Mortgage and the Assignment of Mortgage.

{¶4}   Arlington filed an answer on August 29, 2008.

{¶5}   Wells Fargo filed a motion for summary judgment, which the trial court denied on October 14, 2008.  The trial court found there existed a genuine issue of

material fact whether Arlington received notice from Wells Fargo of the default on the Mortgage.

{¶6} The case was stayed due to bankruptcy notice.

{¶7} On July 20, 2010, Wells Fargo executed a corrective Assignment of Mortgage, which was recorded on July 30, 2010. The correction changed the name of the assignor: "Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., its successors and assigns." Wells Fargo did not supplement the trial court record with the corrective Assignment of Mortgage.

{¶8} After the bankruptcy stay was lifted, Wells Fargo filed a second motion for summary judgment on March 24, 2011. The supporting affidavit and exhibits referred to the original Assignment of Mortgage. Arlington responded to the motion for summary judgment. In his response, Arlington did not raise the issue of Wells Fargo's standing to bring the foreclosure action.

{¶9} The trial court granted the motion for summary judgment on June 10, 2011. The trial court entered the decree of foreclosure on June 21, 2011.

{¶10} Arlington filed a notice of appeal of the June 21, 2011 judgment. Arlington voluntarily dismissed his appeal on November 3, 2011.

{¶11} On October 3, 2011, Arlington filed an Emergency Motion for Relief from Judgment pursuant to Civ.R. 60(B). In the motion, Arlington argued the trial court should vacate the decree in foreclosure because Wells Fargo did not have standing to bring the foreclosure action. Arlington referenced the original Assignment of Mortgage and corrective Assignment of Mortgage in his motion.

{¶12} The trial court denied the motion on October 4, 2011. Arlington did not appeal the judgment.

{¶13} The Ohio Supreme Court issued *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2013-Ohio-5017, 979 N.E.2d 1214, on October 31, 2012.

{¶14} On January 29, 2013, Arlington filed a Motion to Vacate the June 10, 2011 Judgment Entry. Arlington cited to *Schwartzwald* to argue Wells Fargo did not have standing when it filed the complaint in foreclosure.

{¶15} The trial court denied the motion to vacate on March 7, 2013. It is from this judgment Arlington now appeals.

**ASSIGNMENTS OF ERROR**

{¶16} Arlington raises two Assignments of Error:

{¶17} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION TO VACATE.

{¶18} "II. A MOTION TO VACATE A VOID JUDGMENT PRESENTS A QUESTION OF LAW WHICH SHOULD BE DETERMINED PURSUANT TO A *DE NOVO* REVIEW. IN THE ALTERNATIVE, WHILE THE TRIAL COURT MAY NOT HAVE "ABUSED ITS DISCRETION" IN DENYING THE MOTION TO VACATE, THE ISSUE OF WHETHER A JUDGMENT IS VOID FOR LACK OF JURISDICTION CAN BE RAISED AT ANY TIME AND THIS COURT SHOULD DETERMINE WHETHER THE JUDGMENT IS VOID *DE NOVO*."

## ANALYSIS

### *I. and II.*

{¶19} We consider the first and second Assignments of Error together to fully analyze the issues presented. Arlington argues in his first Assignment of Error the trial court abused its discretion in denying his motion to vacate. He argues in his second Assignment of Error this court should use a de novo standard of review because issues of law are presented. Under either standard of review, we overrule Arlington's Assignments of Error.

{¶20} Arlington stylized his January 29, 2013 motion as a common law motion to vacate. In the motion, Arlington argued the trial court's decree in foreclosure was a void judgment because Wells Fargo lacked standing at the time it filed the foreclosure complaint, as evidenced by the original Assignment of Mortgage and corrective Assignment of Mortgage. A common law motion to vacate, instead of Civ.R. 60(B), is utilized to vacate a void judgment. "A party should not file a Civ.R. 60(B) motion for relief from judgment in order to have the void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void." *State ex rel. DeWine v. 9150 Group, L.P.*, 2012-Ohio-3339, 977 N.E.2d 112, ¶ 7 (9th Dist.) quoting *Beachler v. Beachler,* 10th Dist. Franklin No. CA2006–03–007, 2007-Ohio-1220, ¶ 18. This is because "[t]he power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state." *Thomas v. Fick,* 9th Dist. Summit No. 19595, 2000 WL 727531, *2 (June 7, 2000), quoting *Patton v. Diemer,* 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus.

{¶21} A trial court's decision to deny a motion to vacate judgment is reviewed on appeal for an abuse of discretion whether that motion is made pursuant to Civ.R. 60(B) or to the court's inherent power at common law to vacate a void judgment. *Spotsylvania Mall Co. v. Nobahar*, 7th Dist. Mahoning No. 11 MA 82, 2013-Ohio-1280, ¶ 14 citing *GTE Automatic Elec., Inc., v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). Determining whether a trial court has subject matter jurisdiction is reviewed de novo. *Wells Fargo Bank, National Assoc. v. Elliot*, 5th Dist. No. 13 CAE 03 0012, 2013-Ohio-3690

Standing and Subject Matter Jurisdiction

{¶22} Arlington states that because Wells Fargo lacked standing to bring the complaint, the lack of standing rendered the trial court without subject matter jurisdiction to hear the complaint. His motion to vacate is based on the trial court's allegedly void judgment granting foreclosure. Because his argument is jurisdictional, Arlington argues he may raise it at any time. This court recently addressed the issue of standing and subject matter jurisdiction in *Wells Fargo Bank, National Assoc. v. Elliot*, 5th Dist. No. 13 CAE 03 0012, 2013-Ohio-3690.

{¶23} In *Elliot*, the defendant filed a motion to dismiss a complaint in foreclosure pursuant to Civ.R. 12(B)(1). The defendant argued in the motion to dismiss the trial court lacked subject matter jurisdiction to hear the complaint in foreclosure because the plaintiff bank did not have standing at the time it filed the complaint. We explained the nuances of standing and subject matter jurisdiction:

> Jurisdiction is the trial court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment,* 523

U.S. 83, 89, 118 S.Ct. 1003 (1998); *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). The term jurisdiction "encompasses jurisdiction over the subject matter and over the person." *State v. Parker,* 95 Ohio St.3d 524, 769 N.E.2d 846 (2002). Subject matter jurisdiction is defined as a court's power to hear and decide cases. *Pratts v. Hurley,* 102 Ohio St.3d 81, 806 N.E.2d 992 (2004). Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *U.S. v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781 (2002); *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

Separate from the requirement of subject matter jurisdiction in a case is the requirement of standing. Standing is defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce,* 115 Ohio St.3d 375, 875 N.E.2d 550 (2007), quoting Black's Law Dictionary (8th Ed.2004). Standing depends on "whether the party has alleged such a personal stake in the outcome of the controversy* * * as to ensure that the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Id.,* quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas,* 35 Ohio St.2d 176, 178–179, 298 N.E.2d 515 (1973). In order to establish standing, a plaintiff must show they suffered "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to

be redressed by the requested relief." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 119 L.Ed.3d 351 (1992). "These three factors—injury, causation, and redressability—constitute the irreducible constitutional minimum of standing." *Id.*

There is a clear distinction between the requirements of subject matter jurisdiction and standing. Standing focuses on injury, causation, and redressability between a plaintiff and defendant in a case, while subject matter jurisdiction focuses on the court's power and ability to hear and decide a case. A lack of standing argument challenges the capacity of a party to bring an action, not the court's statutory or constitutional power to adjudicate the case and thus is distinguishable from a lack of subject matter jurisdiction argument. *PNC Bank, N.A. v. Botts,* 10th Dist. No. 12AP256, 2012–Ohio–5383 (stating standing and capacity to sue do not challenge the subject matter jurisdiction of a court); See also *Country Club Townhouses–North Condominium Unit Assn v. Slates,* 9th Dist. No. 17299, 1996 WL 28003 (stating lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court); *Wells Fargo Bank, N.A. v. Brandle,* 2d Dist. No.2012–CA–0002, 2012–Ohio–3492 (finding lack of standing does not deprive a court of subject matter jurisdiction).

*Id.* at ¶ 9-11.

{¶24} We held Civ.R. 12(B)(1) permits the dismissal of a complaint for lack of subject matter jurisdiction, but the rule of procedure did not provide for dismissal based on lack of standing or capacity to sue. *Elliot* at ¶ 12.

{¶25} In *Fed. Home Loan Mort. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Ohio Supreme Court addressed the issue of standing in a foreclosure action. The Supreme Court determined that a plaintiff in a foreclosure action must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court. *Id.* at ¶ 24–25. "It is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Id.* at ¶ 22. The Court in *Schwartzwald* also found that a lack of standing cannot be cured by "post-filing events" that supply standing. *Id.* at ¶ 26. Moreover, a lack of standing "cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.* at ¶ 41.

<u>Standing of Wells Fargo</u>

{¶26} Standing in a foreclosure case requires the lender to establish "an interest in the note or mortgage at the time it filed the suit." *Elliot* at ¶ 18 quoting *Schwartzwald*, 134 Ohio St.3d 13, ¶ 28. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *Elliot* at ¶ 18 citing *U.S. Bank Natl. Assoc. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.).

{¶27} In the present case, Wells Fargo attached a copy of the Note signed by Arlington to the complaint in foreclosure. The Note contained two indorsements: (1) a special indorsement from TBW to Wells Fargo and (2) a blank indorsement from Wells

Fargo. R.C. 1303.25(B) reads, "'Blank indorsement' means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Because the note is payable to the bearer, negotiation of the note is accomplished by transfer of possession alone. R.C. 1303.21(B). Arlington does not dispute Wells Fargo was the holder of the Note when it filed the complaint in foreclosure.

{¶28} Arlington argued in his motion to vacate Wells Fargo was not the holder of the Mortgage at the time the complaint was filed due to the differences in the original Assignment of Mortgage filed with the complaint and the corrective Assignment of Mortgage recorded on July 30, 2010, after the commencement of the suit.

{¶29} This Court has previously addressed the matter of standing in a foreclosure action when the holder of the note is not the holder of the mortgage in *Cent. Mtge. Co. v. Webster*, 2012-Ohio-4478, 978 N.E.2d 962 (5th Dist.). In *Central Mortgage*, we reiterated the holding of *Kuck v. Sommers,* 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75 (3rd Dist.1950), that states:

> [w]here a note secured by a mortgage is transferred so as to vest the legal
>
> title to the note in the transferee, such transfer operates as an equitable
>
> assignment of the mortgage, even though the mortgage is not assigned or
>
> delivered.

{¶30} This Court has consistently relied on *Kuck v. Sommers* to find the holder of the note is the real party in interest entitled to pursue its rights under the note and mortgage. *See Bank of New York v. Dobbs,* 5th Dist. No. 2009–CA–000002, 2009-

Ohio-4742, 2009 WL 2894601; *Duetsche Bank Natl. Trust Co. v. Hansen,* 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223, 2011 WL 899625; *2010–1 CRE Venture, LLC v. Costanzo,* 5th Dist. No. 11 CAE 01 003, 2011-Ohio-3530, 2011 WL 2767592.

{¶31} The Lender in this case was Taylor, Bean & Whitaker Mortgage Corp. The Mortgage states, "[t]his Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ('MERS') (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary." The Mortgage further states, "[t]his debt is evidenced by Borrower's note dated the same date as this Security Instrument ('Note') * * *." Both Note and Mortgage are dated March 3, 2006.

{¶32} On March 20, 2007, MERS assigned the Mortgage to Wells Fargo. The original Assignment of Mortgage stated, "Mortgage Electronic Registration Systems, Inc. * * * does hereby sell, assign, transfer and set over unto Wells Fargo Bank, N.A. * * * a certain mortgage from Dean E. Arlington * * *." The Assignment of Mortgage was recorded on March 26, 2007. On July 20, 2010, Wells Fargo executed a corrective Assignment of Mortgage, which was recorded on July 30, 2010. The correction changed the name of the assignor to: "Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., its successors and assigns."

{¶33} Arlington argues *Bank of New York Mellon v. Roarty*, 7th Dist. Mahoning No. 10-MA-42, 2012-Ohio-1471 abrogates our holding in *Central Mortgage.* In *Roarty,* the appellee bank was the holder of the note indorsed in blank. At the time the appellee bank filed the complaint in foreclosure, the mortgage securing the note had not been assigned to appellee bank. The mortgage was assigned after the complaint in foreclosure was filed. The court of appeals found there was a genuine issue of material

fact whether the appellee bank was the real party in interest because there could be no presumption the mortgage followed the note.

{¶34} We find the facts of the present case are inapposite to *Roarty*. A reading of the Mortgage and the Assignment of Mortgage shows that MERS, as nominee for TBW, assigned the Mortgage to Wells Fargo prior to the filing of the complaint in foreclosure.

{¶35} Upon review of the motion to vacate, the trial court concluded *Schwartzwald* did not apply to the facts of the case. We agree. Wells Fargo, as holder of the Note and Mortgage, had standing to invoke the jurisdiction of the trial court when it filed the complaint in foreclosure.

<u>Res Judicata</u>

{¶36} The trial court concluded and Wells Fargo argues on appeal Arlington's claims as to standing are barred by res judicata. The trial court granted Wells Fargo's motion for summary judgment on June 10, 2011. The trial court entered the decree of foreclosure on June 21, 2011. Arlington appealed the final judgment, but voluntarily dismissed his appeal.

{¶37} On October 3, 2011, Arlington filed an Emergency Motion for Relief from Judgment pursuant to Civ.R. 60(B). In the motion, Arlington argued the trial court should vacate the decree in foreclosure because Wells Fargo did not have standing to bring the foreclosure action. Arlington referenced the original Assignment of Mortgage and corrective Assignment of Mortgage in his motion.

{¶38} The trial court denied the motion on October 4, 2011. Arlington did not appeal the judgment.

{¶39} Arlington argues that, regardless of his failure to appeal, he may raise the issue at any time because the issue presented raises the question of the trial court's jurisdiction.

{¶40} *Schwartzwald* referred to the timing of the question of standing. The Court stated*:* "the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time *during the pendency of the proceedings.*" 132 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 22 (citation omitted). (Emphasis added.) In *Elliot*, we noted the Ohio Supreme Court held subsequent to the issuance of *Schwartzwald* that, after a judgment entry grants a decree of foreclosure and order of sale, the matter is no longer pending. *Elliot* at ¶ 14 citing *Countrywide Home Loans Servicing v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083 990 N.E.2d 565, at syllabus.

{¶41} Pursuant to *Elliot* and this Court's interpretation of *Schwartzwald*, we find Arlington's time to appeal the issue of standing was through direct appeal of the decree in foreclosure or an appeal of the denial of Arlington's original Civ.R. 60(B) motion. As such, Arlington's claims raised in the subsequent motion to vacate are barred by res judicata.[1]

---

[1] The Ohio Supreme Court has certified a conflict between the Ninth and Tenth Districts on the following question: "When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment?" *See Bank of Am. v. Kuchta,* 135 Ohio St.3d 1430, 986 N.E.2d 1020, 2013–Ohio–1857.

**CONCLUSION**

{¶42} Pursuant to the above analysis, we overrule the two Assignments of Error of Defendant-Appellant Dean Arlington.

{¶43} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Farmer, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER