[Cite as *Citi, Inc. v. Richey*, 2015-Ohio-4154.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CITI, INC., SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15CA08 |
| | : | |
| GLORIA RICHEY, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No. 2014
C0403



JUDGMENT:     AFFIRMED




DATE OF JUDGMENT ENTRY:     October 5, 2015




APPEARANCES:

For Plaintiff-Appellee:                    For Defendants-Appellants:

KARA A. CZANIK                          MARC E. DANN
HARRY W. CAPPEL                        GRACE M. DOBERDRUK
1900 Fifth Third Center                   PAUL B. BELLAMY
511 Walnut St.                             P.O. Box 6031040
Cincinnati, OH 45202-3157              Cleveland, OH 44103

*Delaney, J.*

{¶1} Defendants-Appellants Gloria Richey and Paul Richey appeal the February 10, 2015 judgment entry of the Richland County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On April 6, 2002, Gloria Richey and Lucy Harris applied to refinance a mortgage loan on property they owned located at 503 Lida Street, Mansfield, Ohio. Gloria Richey and Lucy Harris signed a settlement statement and Note for $78,600.00. The Note was secured by a mortgage on the 503 Lida Street property. Gloria Richey, Lucy Harris, and Paul Richey signed the mortgage. Paul Richey was required to sign the mortgage to release his dower rights and other interest in the property. The mortgage was in favor of ABN AMRO Mortgage Group, Inc.

{¶3} On September 1, 2007, ABN AMRO Mortgage Group, Inc. merged into Plaintiff-Appellee CitiMortgage, Inc. The Note executed by Gloria Richey and Lucy Harris was indorsed in blank by ABN AMRO Mortgage Group, Inc. CitiMortgage is in physical possession of the Note.

{¶4} Gloria Richey and Lucy Harris stopped making monthly payments on the mortgage loan in April 2012. They defaulted on the loan and on September 17, 2012, CitiMortgage filed a foreclosure action in the Richland County Court of Common Pleas. The parties dismissed the foreclosure action without prejudice after Gloria and Paul Richey filed an action against CitiMortgage and its counsel in federal court. On February 13, 2014, the district court granted summary judgment in favor of CitiMortgage and dismissed the claims of Gloria and Paul Richey.

{¶5} On April 23, 2014, CitiMortgage refiled its foreclosure complaint alleging a default under the terms of the Note and its right to collect on the Note and foreclosure on the Mortgage. The Richeys filed an answer in which they denied CitiMortgage's right to enforce the Note, that CitiMortgage failed to comply with the conditions precedent in the Note, and averred that the signatures on the Note and Mortgage were forged. The Richeys also filed a counterclaim to quiet title, based on their allegation that the signatures on the Note and Mortgage were forged.

{¶6} CitiMortgage filed a motion for summary judgment on its claims and the Richeys' counterclaim. In support of its motion for summary judgment, it attached the deposition of Gloria Richey, the affidavits of Cindy K. Schneider, and the expert report of a forensic document examiner. The Richeys filed a response to the motion for summary judgment and argued they did not sign the Note and Mortgage, the notice of default or acceleration was not sent to Paul Richey, and Freddie Mac owned the Mortgage.

{¶7} The trial court granted summary judgment in favor of CitiMortgage on January 12, 2015. On February 10, 2015, the trial court filed a nunc pro tunc judgment entry and decree in foreclosure to include the legal description of the property.

{¶8} It is from this judgment the Richeys now appeal.

## ASSIGNMENTS OF ERROR

{¶9} The Richeys raises two Assignments of Error:

{¶10} I. IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO GRANT SUMMARY JUDGMENT TO APPELLEE CITI INC., WHERE CITI INC. PROVIDED NO EVIDENCE THAT IT COMPLIED WITH THE LOAN'S CONDITIONS PRECEDENT

FOR NOTIFYING DEFENDANT-APPELLANT PAUL RICHEY OF THE ALLEGED DEFAULT UNDER THE MORTGAGE LOAN AS EXPLICITLY STIPULATED IN THE MORTGAGE CONTRACT.

{¶11} II. IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO GRANT SUMMARY JUDGMENT TO APPELLEE CITI INC., WHERE THERE WAS A MATERIAL ISSUE OF FACT CREATED BY INFORMATION THAT THE FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC) CLAIMED TO BE THE OWNER OF THE APPELLANTS' LOAN AND APPELLEE OFFERED NO EVIDENCE EXPLAINING HOW IT BECAME THE HOLDER OF APPELLANTS' NOTE AND/OR AUTHORIZED TO FORECLOSE ON APPELLANTS.

## ANALYSIS

### *Standard of Review*

{¶12} The Richeys argue in their two Assignments of Error that the trial court erred in granting summary judgment in favor of CitiMortgage. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and

that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶13} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### I. Conditions Precedent

{¶15} The Richeys argue in their first Assignment of Error that CitiMortgage is not entitled to judgment as a matter of law because it failed to satisfy the conditions precedent of the Note and Mortgage. We disagree.

{¶16} Paul Richey argues that under the terms of Paragraph 22 of the Mortgage, CitiMortgage was required to give him notice prior to acceleration. Paragraph 22 of the Mortgage states:

NON-UNIFORM COVENANTS. Borrow and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 19 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the property. * * *

{¶17} CitiMortgage responds that pursuant to the terms of Paragraph 22 of the Mortgage, it was required to give notice to the Borrower prior to acceleration. Section (B) of the Mortgage lists Gloria Richey and Lucy Harris as "Borrower." The Mortgage does not name Paul Richey as "Borrower." Therefore, pursuant to the terms of the Paragraph 22, CitiMortgage was not required to give notice to Paul Richey prior to acceleration because he is not a Borrower.

{¶18} Paul Richey signed and initialed the Mortgage in order to release his dower rights, but he is not a Borrower under the terms of the Note and Mortgage. Paul Richey did not sign the Note and is not a Borrower. The Civ.R. 56 evidence demonstrated that CitiMortgage sent a Notice pursuant to Paragraph 22 of the Mortgage to Gloria Richey and Lucy Harris as Borrowers. We find no genuine issue of

material fact that CitiMortgage satisfied its duty to provide the Borrowers with notice prior to acceleration pursuant to the terms of the Note and Mortgage.

{¶19} The Richeys' first Assignment of Error is overruled.

### II. Holder in Due Course

{¶20} The Richeys contend in their second Assignment of Error that CitiMortgage is not entitled to judgment as a matter of law because there is a genuine issue of material fact of whether it is the holder of the Note and Mortgage.

{¶21} In their complaint in foreclosure, CitiMortgage stated it was entitled to enforce the Note, the original of which was in CitiMortgage's possession. CitiMortgage attached copies of the Note indorsed in blank and the Mortgage to the complaint. CitiMortgage provided affidavits from Cindy K. Schneider, a business operations analyst with CitiMortgage, in support of its motion for summary judgment. Schneider averred CitiMortgage obtained possession of the original Note prior to filing the complaint and it remained in possession of the Note. The Note was indorsed in blank. Schneider also provided a copy of the Mortgage.

{¶22} The Richeys responded to the motion for summary judgment with the affidavit of Paul Richey. Paul Richey averred that he received an email from Freddie Mac confirming Freddie Mac was the owner of the Mortgage that is the subject of the foreclosure complaint. Paul Richey attached a copy of the email he received from Freddie Mac. The November 19, 2013 email states that Freddie Mac is the owner of a mortgage on property located at 503 Lida, Mansfield, Ohio. The Richeys argue this creates a genuine issue of material fact whether CitiMortgage is the holder in due course.

{¶23} Pursuant to R.C. 1303.31, a plaintiff producing an instrument is entitled to payment if the plaintiff proves that it is entitled to enforce the instrument pursuant to R.C. 1303.31. CitiMortgage is entitled to enforce an instrument under R.C. 1303.31 because there is no genuine issue of material fact that it is the holder of the Note. The issue raised by the Richeys argues that CitiMortgage is not the holder of the Mortgage.

{¶24} This Court has previously addressed the matter of standing in a foreclosure action when the holder of the note is not the holder of the mortgage in *Cent. Mtge. Co. v. Webster,* 2012-Ohio-4478, 978 N.E.2d 962 (5th Dist.). In *Central Mortgage,* we reiterated the holding of *Kuck v. Sommers,* 59 Ohio Law Abs. 400, 100 N.E.2d 68, 75 (3rd Dist.1950), that states:

> [w]here a note secured by a mortgage is transferred so as to vest the legal
>
> title to the note in the transferee, such transfer operates as an equitable
>
> assignment of the mortgage, even though the mortgage is not assigned or
>
> delivered.

{¶25} This Court has consistently relied on *Kuck v. Sommers* to find the holder of the note is the real party in interest entitled to pursue its rights under the note and mortgage. *See Bank of New York v. Dobbs,* 5th Dist. No. 2009–CA–000002, 2009–Ohio–4742; *Duetsche Bank Natl. Trust Co. v. Hansen,* 5th Dist. No. 2010 CA 00001, 2011–Ohio–1223; *2010–1 CRE Venture, LLC v. Costanzo,* 5th Dist. No. 11 CAE 01 003, 2011–Ohio–3530; *Wells Fargo Bank NA v. Arlington*, 5th Dist. Delaware No. 13CAE030016, 2013-Ohio-4659, ¶¶ 29-30 *appeal not allowed sub nom. Wells Fargo Bank, N.A. v. Arlington*, 138 Ohio St.3d 1435, 2014-Ohio-889, 4 N.E.3d 1052.

{¶26} Based on the Civ.R. 56 evidence presented, there is no genuine issue of material fact that CitiMortgage is the holder in due course of the Note and is the real party in interest with standing to enforce the Note.

{¶27} The Richeys' second Assignment of Error is overruled.

## CONCLUSION

{¶28} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.